IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEKSANDR J. STOYANOV,<br><br>*Plaintiff,*<br><br>v.<br><br>HOWARD COUNTY, MARYLAND, *et al.*,<br><br>*Defendants.* | Civil No. 1:23-cv-00927-JRR |

**MEMORANDUM OPINION**

This matter comes before the court on Defendants Howard County, Maryland ("the County"), Calvin Ball, Deborah Baracco, and Sheri Fox's (collectively, the "Defendants") Motion to Dismiss. (ECF No. 9; the "Motion to Dismiss.") The court also has before it Plaintiff's Motion for Sanctions for Defendants' Fraudulent 7/19/23 Submission. (ECF No. 20; the "Motion for Sanctions.") The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.      BACKGROUND**[1]

Plaintiff Aleksandr Stoyanov is a resident of Fulton, Maryland and owns a property known as "Five Springs Farm." (ECF No. 1 ¶ 8; "the Complaint.") Defendant Ball is the County Executive. *Id.* ¶ 11. Defendant Baracco is the Head of the Animal Control Division at the County Police Department. *Id.* ¶ 13. Defendant Fox is a Police Officer in the Animal Control Division at the County Police Department. *Id.* ¶ 14.

---

[1] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the Complaint. (ECF No. 1.)

Plaintiff alleges that on April 12, 2021, he received an official notice from the County Police Department, Division of Animal Control, requesting that he contact Fox regarding a complaint of goats running at large from Five Springs Farm. *Id.* ¶ 15. On April 13, 2021, Plaintiff contacted Fox and she requested an in-person meeting to investigate the complaint. *Id.* Fox came to Five Springs Farm and investigated the scene where a handful of goats had walked from a fenced pasture to a neighbor's property because the fence was broken by a tree limb during a storm. *Id.* Plaintiff explained to Fox that he was unaware of the damage to the fence and the incident when it happened because he was off-site making deliveries, but that he repaired the broken fence immediately upon learning of the issue. *Id.*

Fox issued another official notice requesting that Plaintiff fix the fence and notifying Plaintiff that she would inspect the repairs within a few days. (ECF No. 1 ¶ 15.) During Fox's inspection of the repaired fence, she requested to search the Five Springs Farm without a search warrant or a judicial order. *Id.* ¶ 16. In response, Plaintiff explained that there was no need to search the Five Springs Farm. *Id.* However, according to Plaintiff, "Defendant Fox insisted on the unwarranted search and in fact lied that she as the animal control police may conduct a search of the property without a search warrant because of the Howard County of Maryland law." *Id.* At the time of the inspection, Plaintiff was unaware of the law and assumed that Fox "was not lying." *Id.* ¶ 17. Plaintiff alleges that, sometime in the spring of 2021, Fox "acting in concert with Defendant Baracco and other unknown individuals," "conducted numerous unwarranted searches" of Five Springs Farm. *Id.* ¶ 22. Plaintiff alleges that the "unwarranted searches" were conducted "for the purposes of intentional harassment, intimidation, and unlawful prosecution to pressure" Plaintiff "to quit farming or raising goats." *Id.*

Plaintiff alleges that upon information and belief, a similar incident—goats walking off the Five Springs Farm through a broken fence—occurred prior to the April 12, 2021 incident and the police officer did not request to search the property without a warrant or judicial order. (ECF No. 1 ¶ 18.) In September 2021, Plaintiff complained to Baracco about "Defendant Fox's intentional harassment, wrongful prosecution, unwarranted searches of Plaintiff's farm, and malicious violations of the Plaintiff's [c]onstitutional [r]ights." *Id.* ¶ 19. When he did so, Plaintiff alleges, Baracco made the same "fraudulent" statements regarding the authority to inspect the Five Springs Farm without a warrant or judicial order. *Id.*

On October 15, 2021, Fox issued Plaintiff 13 civil citations for animal cruelty, failure to provide proper care for livestock and domesticated birds, interference with enforcement, and inadequate fencing in violation of Howard County Ordinance Title 17, Section 3, Subsections 17.305, 17.306, and 17.315. (*See* ECF No. 9-2.)[2] The civil citations provided that Plaintiff could pay a fine and forego trial, or elect to stand trial. *Id.* Plaintiff elected to have a trial in the Howard County District Court; the district court found Plaintiff liable for six of the civil citations and imposed associated civil penalty fines. *Id.* Plaintiff appealed to the Circuit Court for Howard County; the circuit court dismissed the appeal. (ECF No. 17-9 and 17-10 at 1-15.)[3] Plaintiff then appealed to the Appellate Court of Maryland (ECF No. 17-10 at 16); however, the court treated Plaintiff's appeal as a petition for writ of certiorari and transferred the case to the Supreme Court of Maryland. *Id.* at 22. The Supreme Court of Maryland denied his petition and the subsequent motion for reconsideration. *Id.* at 22-36.

---

[2] As discussed below, the court may properly take judicial notice of the civil citations. *See* Section III, *infra.*
[3] As discussed below, the court may properly take judicial notice of the underlying state court proceedings. *See* Section IV, *infra.*

On April 5, 2023, Plaintiff filed the instant Complaint. (ECF No. 1.) Construed liberally, the Complaint sets forth five counts: (Count I) Violation of the First Amendment, 42 U.S.C. § 1983; (Count II) Violation of the Fourth Amendment, 42 U.S.C. § 1983; (Count III) Violation of the Fifth Amendment, 42 U.S.C. § 1983; (Count IV) Violation of the Sixth Amendment, 42 U.S.C. § 1983; and (Count V) Malicious Prosecution. *Id.* The prayer for relief seeks: (i) compensatory damages; (ii) consequential damages; (iii) suit costs; and (iv) any other relief that this court may deem just and proper. *Id.* at 14.

## II. LEGAL STANDARD

**Federal Rule of Civil Procedure 12(b)(6)**

"'The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling [her] to relief." *Edwards*, 178 F.3d at 244 (*citing Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is

4

insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. PX-21-1637, 2021 U.S. Dist. LEXIS 221041, at *4 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.  CONSIDERATION OF EXHIBITS

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.* 637 F.3d 435, 448 (4th Cir. 2011)). Usually, the court does not "consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed v. Town of Gilbert*, 576 U.S. 155 (2015).

"But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment." *Loper v. Howard Cty. Pub. Sch. Sys.,* 2021 U.S. Dist. LEXIS 163118 at *13 (D. Md. Aug. 27, 2021) (citing *Goldfarb v. Mayor & City Council of Balt*., 791 F.3d 500, 508 (4th Cir. 2015)). A court may consider documents attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999)). "An integral

5

document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).

"When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Specifically, the court may take judicial notice of publicly available information on state and federal government websites without converting the motion to one for summary judgment. *See U.S. v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (explaining that "[t]his court and numerous others routinely take judicial notice of information contained on the state and federal government websites.").

### 1. *Exhibit attached to the Motion*

Defendants attach as one collective exhibit to the Motion 13 civil citations and the Howard County District Court docket sheets. (ECF No. 9-2, Exhibit 1 to the Motion.) Plaintiff references the civil citations and the underlying state court proceedings in his Complaint. (ECF No. 1 ¶¶ 20, 23, 32-35.) However, Plaintiff's rights on which he bases his claims do not arise out of the "very existence" of the documents attached as Exhibit 1 to the Motion. That notwithstanding, Defendant's Exhibit consists of documents within the public record of which the court may take judicial notice and Plaintiff does not challenge their authenticity. Accordingly, the court will consider the documents attached as Exhibit 1 to the Motion.

### 2. *Exhibits attached to Plaintiff's Response*

"It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991). Further, "allegations raised for the first time in response to a motion to dismiss are not properly considered by the court." *Glenn v. Wells Fargo Bank, N.A.*, No. DKC-3058, 2016 WL 3570274 at *3 (D. Md. July 1, 2016) (finding that "Plaintiff's attempt to amend the complaint by filing a declaration would be inappropriate even if he had attached the declaration to his opposition brief"). *See also Myers v. Montgomery Cnty.*, No. DKC-14-3054, 2015 WL 3795915, at *9 n.7 (D. Md. June 17, 2015) (declining to consider an exhibit attached to the plaintiff's opposition to motion to dismiss).

In his Opposition, Plaintiff attaches an Affidavit (ECF No. 17-1) and eight exhibits: Exhibit 1 – Howard County Department of Police Notices (ECF No. 17-3); Exhibit 2 – Letter to Calvin Ball (ECF No. 17-4); Exhibit 3 – Plat Number 15101 (ECF No. 17-5); Exhibit 4 – Sale of Adjacent Property (ECF No. 17-6); Exhibit 5 – The Business Monthly Article (ECF No. 17-7); Exhibit 6 – Notice of Trial Date Related to Alleged Criminal Charges (ECF No. 17-8); Exhibit 7 – Notice of Hearing/Trial Circuit Court for Howard County (ECF No. 17-9); and Exhibit 8 – Circuit Court for Howard County and Supreme Court of Maryland Documents.  (ECF No. 17-10.)

Plaintiff may not amend his Complaint by alleging new facts in, or attaching exhibits to, his Opposition.  *See Glenn and Myers, supra.*  Further, the affidavit and Exhibits 2 through 5 are not integral to the Complaint, as they do not give rise to the legal rights asserted by Plaintiff. Accordingly, the court will not consider the affidavit and Exhibits 2 through 5 for purposes of resolving the Motion to Dismiss.

As to Plaintiff's Exhibits 1 and 6 through 8 (ECF Nos. 17-3, 17-8, 17-9, and 17-10), Plaintiff references the civil citations, the official notices, and the underlying state court proceedings in his Complaint. (ECF No. 1 ¶¶ 20, 23, 32-35.) Although Plaintiff's rights on which he bases his claims do not arise out of the "very existence" of these Exhibits, Exhibits 1 and 6 through 8 are public records of which the court may take judicial notice, and no party challenges their authenticity.[4] Accordingly, the court will consider Plaintiff's Exhibits 1 and 6 through 8 for purposes of resolving the Motion.

## IV.  ANALYSIS

As an initial matter, the court is ever-mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 U.S. Dist. LEXIS 18223, *6 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.*

### A.  Defendants' Motion (ECF No. 9)

Defendants argue that Plaintiff's suit is barred by the doctrine of collateral estoppel because Plaintiff previously litigated these matters in state court. (ECF No. 19 at 3.) Specifically, Defendants assert:

> A party to an action may be barred from subsequent litigation upon the same cause of action regarding matters which were previously decided in a prior action. Despite being collaterally estopped, the

---

[4] "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). Neither party disputes the factual record of the underlying proceedings. Accordingly, the court may take judicial notice of the underlying state proceedings.

> Plaintiff is now seeking review from this Court. Because he was found liable for several of the citations, and has exhausted his appeal of those matters, he cannot now be heard to complain of their alleged Constitutional deficiencies or to relitigate those matters in this Court. Instead, any issue he had regarding the Constitutionality surrounding the civil enforcement process should have been litigated in the underlying trial in the Maryland District Court. Dismissal of this Complaint with prejudice is appropriate.

(ECF No. 19 at 3-4.)[5]

"The doctrine of collateral estoppel or issue preclusion, [] is a subset of the res judicata genre." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (internal quotation marks omitted). "Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Id.*

"Rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Issue preclusion is more narrow and applies when the later litigation arises from a different cause of action." *Id.* "It operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction' in the first litigation." *Id.* (quoting

---

[5] While Defendants raise collateral estoppel for the first time in their Reply, Plaintiff effectively responded to Defendants' argument in his Motion for Sanctions. (ECF No. 20 at 5.) Further, as discussed below, the court may address this issue *sua sponte*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("[T]he affirmative defense of res judicata—which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised *sua sponte*." (quoting *Arizona v. California*, 530 U.S. 392, 412–13 (2000)).

9

*Montana v. United States*, 440 U.S. 147, 153 (1979).  Here, while Defendants appear to rely on collateral estoppel (issue preclusion), their argument is broad and neither addresses the collateral estoppel factors nor provides sufficient information for the court to determine whether Plaintiff's suit is barred by the doctrine of collateral estoppel.[6]

That notwithstanding, the court concludes that the proper analysis to undertake is whether res judicata forecloses Plaintiff's claims.  *See Grimes v. Montgomery Cnty., Md.*, No. GJH-19-3506, 2021 WL 809764, at *5 (D. Md. Mar. 2, 2021) (noting that the court may "dismiss claims *sua sponte* under the doctrine of res judicata if it 'is on notice that the issues presented in a suit have been previously decided'") (citation omitted)); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("[T]he affirmative defense of res judicata—which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised *sua sponte*." (quoting *Arizona v. California*, 530 U.S. 392, 412–13 (2000)).  In *Chen v. Maryland Department of Health and Mental Hygiene*, the court explained:

> In its discretion, a district court may consider the issue of res judicata, *sua sponte*. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208 (4th Cir. 2013) ("We . . . review the district court's *sua sponte* decision to consider whether res judicata bars a plaintiff's claims for abuse of discretion."); *accord Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (Posner, J.) ("Nor was it improper for the district judge to invoke res judicata even though the defendants had failed to argue it."). To be sure, the Fourth Circuit has cautioned that, "as a general matter, a district court should not *sua sponte* consider an

---

[6] "Applying collateral estoppel 'forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate.'" *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (quoting *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998) (internal quotation marks and citation omitted)).  "To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *Id.*

> affirmative defense that the defendant has the burden of raising. Res judicata is such a defense." *Clodfelter*, 720 F.3d at 208-09 (citation omitted); *see Arizona v. California*, 530 U.S. 392, 412 (2000) ("Judicial initiative of this sort might be appropriate in special circumstances."). But, the Fourth Circuit has also recognized that res judicata can "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). And, in *Arizona*, 530 U.S. at 412, the Supreme Court explained that "'the policies underlying res judicata'" include not only "'the defendant's interest in avoiding the burdens of twice defending a suit, but . . . also . . . the avoidance of unnecessary judicial waste.'" (Quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted)).
>
> Notably, in *Clodfelter*, 720 F.3d at 208, the Fourth Circuit said that "the extent and nature of the previous proceedings will inform a district court's decision to raise a preclusion defense on its own initiative . . . ."

No. CV ELH-15-01796, 2016 WL 632036, at *17-18 (D. Md. Feb. 17, 2016).

Here, in the Complaint and his Opposition to the Motion, Plaintiff expressly put the court on notice that the issues in the present case were raised in an earlier suit. (ECF No. 1 ¶¶ 32-37.) Indeed, in the Complaint, Plaintiff alleges that his appeals of lower court rulings to the Maryland appellate courts were denied, and "because of the Howard County judicial failures to provide justice," he filed his Complaint in this court.[7] (ECF No. 1 ¶ 37.) Further, Plaintiff attaches to his Opposition 45 pages pertaining to the previous state court litigation. (ECF Nos. 17-8 – 17-10.) In view of the extensive state court proceedings involving the civil citations relevant here, the court will exercise its discretion consider the issue of res judicata *sua sponte*.

Under Maryland law,[8] application of res judicata requires satisfaction of three conditions:

---

[7] To the extent Plaintiff seeks to have this court overturn the judgment issued by the state district court, the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction to do so. *See Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) (explaining that the *Rooker-Feldman* doctrine bars a federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).
[8] "In considering the preclusive effect of an earlier state court judgment on a new claim, [the court] appl[ies] the 'preclusion law of the State in which judgment was rendered.'" *Bennet v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019)

11

> (1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation.

*Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140 (2012).

As to the first element, in *Ugast v. LaFontaine*, the Supreme Court of Maryland explained:

> Generally, the parties to a suit are those persons who are entered as parties of record. But for the purpose of the application of the rule of res judicata, the term parties' includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies. So, where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties.

189 Md. 227, 232-33 (1947) (internal citations omitted). "Whether the parties are the same or in privity with a party in the prior proceeding is a question of law." *Kim v. Council of Unit Owners for Collington Ctr. III Condo.*, 180 Md. App. 606, 617 (2008). Importantly, "a plaintiff cannot skirt the doctrine of claim preclusion simply by adding additional defendants to his suit." *Myers v. Norman*, No. CV ELH-20-248, 2020 WL 2512414, at *5 (D. Md. May 15, 2020), *aff'd*, 837 F. App'x 192 (4th Cir. 2021), and *aff'd*, 837 F. App'x 192 (4th Cir. 2021).

In the instant case, Plaintiff and the County were the parties to the action filed in the Howard County District Court. (ECF No. 9-2.) In both actions, Plaintiff complains of the searches executed by Defendant Fox and the subsequent civil citations. (*See* ECF Nos. 1 and 17-8 – 17-10.) Plaintiff cannot avoid the doctrine of claim preclusion by adding additional Defendants to

---

(quoting *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000)). Because the Howard County District Court entered judgment against Plaintiff in connection with the civil citations, this court applies Maryland's principles of res judicata.

this suit and Plaintiff's claims against all Defendants are clearly based on his challenges to the searches by Defendant Fox and the related civil citations. In sum, Plaintiff's action here is effectively the same action previously pursued in state court and based upon the same conduct occurring in the scope of Defendants' employment. Accordingly, the court is satisfied that the first element is met. *See deLeon v. Slear*, 328 Md. 569, 581 (1992) (holding that the nurses "by virtue of their employment relationship" with the hospital are in privity where "the plaintiff brought a defamation action against a hospital's nurses after he had lost a defamation suit against the hospital based upon the same allegedly defamatory statements").

The second requirement for res judicata is that "the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation." *Cochran*, 426 Md. at 140. "Once a set of facts has been litigated, res judicata generally prevents the application of a different legal theory to the same set of facts, assuming that the second theory of liability existed when the first action was litigated." *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 111 (2005). "In Maryland, the standard for determining identity of claims is 'whether the same evidentiary facts would sustain both suits.'" *Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 685 (D. Md. 2009) (quoting *Kutzik v. Young*, 730 F.2d 149 (4th Cir. 1984). "Two suits that rely upon the same facts will share an identity of claims even if the suits are based upon different legal theories." *Id.* at 686. "Even if additional facts are pleaded in the later suit, the new claims will be precluded if those facts and issues could have been presented in the earlier suit." *Id.*

Here, all of the allegations contained in the Complaint were, or could have been, asserted in the Howard County District Court proceeding. *See Hall*, 608 F. Supp. 2d at 686 (finding the final element of res judicata satisfied where all of the facts in the federal complaint could have

been asserted in the state court complaint and both pleadings depend on the same series of events). Plaintiff's claims arise from the searches executed by Defendant Fox and the subsequent issuance of the civil citations. *See Reeves v. St. Mary's County Comm'rs*, 268 F. Supp. 2d 576, 584 (D. Md. 2003) ("When claims arise out of a single nucleus of operative fact (or out of the same 'transaction'), they will be barred even if they involve different harms or different legal theories."). Indeed, Plaintiff attaches to his Opposition the issues and facts he presented to the Supreme Court of Maryland:

> The questions presented for review:
>
>> Whether the District Court for Howard County violated the Sixth Amendment to the Constitution after Defendant Aleksandr John Stoyanov requested jury trial since the Howard County Animal Control police maliciously accused Defendant of criminal conduct in retaliation for requesting the Animal Control police to obtain court order to continue illegal searches of his goat farm.
>>
>> Whether the District Court for Howard County failed to use exclusionary rule specific to the Fourth Amendment to the Constitution because of the Animal Control police illegal searches based on fraud to gain access to the Defendant's farm.
>
> ***
>
> Statement of facts material to the consideration of the questions presented:
>
>> In the District Court for Howard County Defendant Aleksandr John Stoyanov requested jury trial, however the District Court Judge M. Reese denied Defendant's request for jury trial although the Animal Control police charged the Defendant with criminal conduct in the citations, but instead the District Court Judge substituted charges as civil misconduct in violation of the Defendant's right to a jury trial.
>>
>> The District Court Judge M. Reese failed to use exclusionary rule specific to the Fourth Amendment to the Constitution during the trial because of the Animal Control police illegal

> searches based on fraud to gain access to the Defendant's farm.
>
> The Animal Control police officer Fox lied that she had the right to conduct searches of the Defendant's farm under the state law in order to gain access to the farm as Defendant fixed fencing, which was broken after a tree limb fell on the fence during a spring storm in April 2021, and showed the damage to the fence when the Animal Control police officer Fox conducted investigation of complaint regarding goats coming to the neighbors' yard.
>
> For more than five months the Animal Control police continued illegal searches and maliciously fabricated evidence during illegal searches until the Animal Control police officer Fox maliciously accused Defendant of criminal conduct and Defendant requested that the Animal Control police officer Fox obtain judge's order authorizing search of the Defendant's goat farm.
>
> The Animal Control police officer Fox maliciously and fraudulently issued more than thirteen (13) citations wrongly accusing Defendant of criminal conduct, which was based on fraud contrary to the Animal Control police officer Fox's earlier promises to the Defendant.
>
> Although the District Court Judge M. Reese dismissed some charges against the Defendant, Judge M. Reese failed to apply exclusionary rule to any evidence during the sham trial in the District Court of Howard County presented by the Animal Control police and collected during illegal searches of the Defendant's farm since April 2021, to the time fabricated citations were issued on the 15 October 2021.

(ECF No. 17-10 at 23-25.)

To the extent Plaintiff alleges additional facts in the instant action, these allegations (and any claims they support) could have been presented in the underlying proceeding. *See Hall*, 608 F. Supp. 2d at 686 (explaining that "[e]ven if additional facts are pleaded in the later suit, the new claims will be precluded if those facts and issues could have been presented in the earlier suit").

15

Because Plaintiff's claims were either raised and litigated in the district court, or could have been raised in the district court, the second element is met.

The third element "of res judicata is that a final judgment on the merits issued in the earlier case." *Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 685 (D. Md. 2009). Here, after trial, the Howard County District Court found Plaintiff liable for violations of the County Ordinances (ECF No. 9-2 at 4, 6, 8, 10, 12, and 14) and dismissed the remaining violations. *Id.* at 15-49. Plaintiff appealed the judgment to the Circuit Court for Howard County and the circuit court dismissed his appeal. (ECF Nos. 17-9 and 17-10 at 1-15.) Plaintiff then appealed to the Appellate Court of Maryland (ECF No. 17-10 at 16); however, the court treated Plaintiff's appeal as a petition for writ of certiorari and transferred the case to the Supreme Court of Maryland. *Id.* at 22. The Supreme Court of Maryland denied his petition and the subsequent motion for reconsideration. *Id.* at 22-36. Accordingly, the third element is met.

Therefore, Plaintiff's suit is barred by the doctrine of res judicata. Because the court concludes that the doctrine of res judicata bars Plaintiff's suit, the court declines to address the remaining arguments.

**B.      Plaintiff's Motion for Sanctions (ECF No. 20)**

The court also has before it Plaintiff's Motion for Sanctions. (ECF No. 20.) Plaintiff contends that the information contained in Defendants' Reply is false and misrepresents the law. *Id.* at 1. The court construes Plaintiff's Motion for Sanctions to be brought pursuant to Federal Rule of Civil Procedure 11. Federal Rule of Civil Procedure 11(c) provides:

> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service

16

or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. P. 11(c).  Federal Rule of Civil Procedure 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(c).

Plaintiff does not specifically address Rule 11(b); rather, Plaintiff essentially offers additional argument regarding Defendants' Motion to Dismiss and reply in support thereof. (*See* ECF No. 20.)  While Plaintiff may disagree with Defendants' arguments, there is no basis to impose sanctions against Defendants.  Accordingly, Plaintiff's Motion for Sanctions will be denied.

## V. CONCLUSION

For the reasons set forth herein, by separate order, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED** and Plaintiff's Motion for Sanctions (ECF No. 20) is **DENIED**.

/S/

_____

Julie R. Rubin
United States District Judge

February 2, 2024